AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
MIDDLE District of TENNESSEE

UNITED STATES OF AMERICA  
**V.**  
GORDON B. GRIGG

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 3:09-00089  
USM Number: 19063-075

**Date of Original Judgment:** 8/13/2009  
**(Or Date of Last Amended Judgment)**

Kimberly Hodde  
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))  
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))  
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))  
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))  
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))  
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))  
☒ Direct Motion to District Court Pursuant ☒ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)  
☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1- 8 and forfeiture in count 9  
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.  
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 1341 | Mail Fraud | 8/31/2005 | 1 |
| 18 USC 1341 | Mail Fraud | 12/15/2008 | 2 |
| 18 USC 1341 | Mail Fraud | 12/30/2013 | 3 |
| 18 USC 1341 | Mail Fraud | 1/6/2009 | 4 |
| 18 USC 1343 | Wire Fraud | 7/23/2006 | 5 |

The defendant is sentenced as provided in pages 2 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/21/2013  
Date of Imposition of Judgment

*[signature]*  
Signature of Judge

ALETA A. TRAUGER   UNITED STATES DISTRICT JUDGE  
Name and Title of Judge

8/22/2013  
Date

DEFENDANT:
CASE NUMBER:

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1343 | Wire Fraud | 12/4/2006 | 6 |
| 18 USC 1343 | Wire Fraud | 12/8/2008 | 7 |
| 18 USC 1343 | Wire Fraud | 12/10/2008 | 8 |

DEFENDANT: GORDON B. GRIGG
CASE NUMBER: 3:09-00089

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
70 months as to each of counts 1 through 8 to run concurrently with each other.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: GORDON B. GRIGG
CASE NUMBER: 3:09-00089

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
3 years as to each of counts 1 through 8 to run concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of `3

DEFENDANT:    GORDON B. GRIGG
CASE NUMBER:    3:09-00089

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay restitution to the victims identified in the presentence report in an amount totaling $6,140,290.04. Payments shall be submitted to the United States District Court Clerk's Office, Eighth Floor, 801 Broadway, Nashville, TN 37203. If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income. No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered. Pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might effect ability to pay.

Restitution payments should be forwarded to the following identified victims:

| NAME | RESTITUTION ORDERED |
|---|---|
| Stephan Benson | $113,017.69 |
| Scott Bleistein | $125,000.00 |
| Alan Bromka | $20,000.00 |
| Fred Covely | $1,000,000.00 |
| Michael Elrod | $100,000.00 |
| Christopher Gantz | $51,000.00 |
| Sharon Glisson | $40,000.00 |
| Ralph Griggs | $389,950.00 |
| Dr. Joseph Gunn | $70,000.00 |
| William Holden | $20,000.00 |
| Lee and Karen Hutchins | $345,474.11 |
| Jullanne Jenkins | $125,000.00 |
| Rita Jorgensen | $750,000.00 |
| Dee Kantner | $34,943.24 |
| Dr. Lee Koon | $239,050.00 |
| Branko Lukich | $125,000.00 |
| Charles Martin | $1,371,000.00 |
| Susan Miller Lyall | $20,000.00 |
| Ann Mitchell | $404,435.00 |
| James Oakley | $25,000.00 |
| Connie Teckenbrock | $200,000.00 |
| Dr. Judy Tom | $60,000.00 |
| Bernice Waters | $107,000.00 |
| Steve Wieland | $196,000.00 |
| Shandton Williams | $208,421.00 |

2. The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the U.S. Probation Office upon request.

3. The defendant shall not incur new debt or open additional lines of credit without the prior approval of the U.S. Probation Office unless the defendant is in compliance with the payment schedule for any court-imposed financial sanctions.

4. The defendant shall timely file any income tax returns as required by law and shall provide a copy of all returns, with schedules attached, to the United States Probation Office within 5 days of filing. The defendant shall provide the probation officer access to any requested financial information.

(CONTINUED ON NEXT PAGE)

DEFENDANT:
CASE NUMBER:

# SPECIAL CONDITIONS OF SUPERVISION

5. The defendant is barred from acting as an investment advisor and shall notify any employer of his past criminal conduct if the defendant's position allows access to negotiable instruments, access devices, personal identifiers, and/or financial transactions.

6. The defendant shall participate in a mental health program as directed by the United States Probation Office. The defendant shall pay all or part of the cost for mental health treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

7. The defendant is prohibited from owning, carrying, or possessing firearms, destructive devices, or other dangerous weapons.

8. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Office.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 13

DEFENDANT: GORDON B. GRIGG
CASE NUMBER: 3:09-00089

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 800.00 | $ | $ 6,140,290.04 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Page 8 | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ the interest requirement is waived for   ☐ fine   ☒ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GORDON B. GRIGG
CASE NUMBER: 3:09-00089

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Stephan Benson | $113,017.69 | $113,017.69 | |
| Scott Bleistein | $125,000.00 | $125,000.00 | |
| Alan Bromka | $20,000.00 | $20,000.00 | |
| Fred Covely | $1,000,000.00 | $1,000,000.00 | |
| Michael Elrod | $100,000.00 | $100,000.00 | |
| Christopher Gantz | $51,000.00 | $51,000.00 | |
| Sharon Glisson | $40,000.00 | $40,000.00 | |
| Ralph Griggs | $389,950.00 | $389,950.00 | |
| Dr. Joseph Gunn | $70,000.00 | $70,000.00 | |
| William Holden | $20,000.00 | $20,000.00 | |
| Lee and Karen Hutchins | $345,474.11 | $345,474.11 | |
| Jullanne Jenkins | $125,000.00 | $125,000.00 | |
| Rita Jorgensen | $750,000.00 | $750,000.00 | |
| Dee Kantner | $34,943.24 | $34,943.24 | |
| Dr. Lee Koon | $239,050.00 | $239,050.00 | |
| Branko Lukich | $125,000.00 | $125,000.00 | |
| Charles Martin | $1,371,000.00 | $1,371,000.00 | |
| Susan Miller Lyall | $20,000.00 | $20,000.00 | |
| Ann Mitchell | $404,435.00 | $404,435.00 | |
| James Oakley | $25,000.00 | $25,000.00 | |
| Connie Teckenbrock | $200,000.00 | $200,000.00 | |
| Dr. Judy Tom | $60,000.00 | $60,000.00 | |
| Bernice Waters | $107,000.00 | $107,000.00 | |
| Steve Wieland | $196,000.00 | $196,000.00 | |
| Shandton Williams | $208,421.00 | $208,421.00 | |
| TOTAL LOSS | $6,140,290.04 | $6,140,290.04 | |

\* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GORDON B. GRIGG  
CASE NUMBER: 3:09-00089

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $ 6,141,090.04 due immediately, balance due

☐ not later than _____ , or  
☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Special assessment of $800 was previously paid. The defendant shall pay restitution in the amount of $6,140,290.04 to the victims identified on pages 5 and 8 of this judgment. Payments shall be submitted to the United States District Court Clerk's Office, Eighth Floor, 801 Broadway, Nashville, Tennessee 37203. If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. (SEE NO. 1 OF THE SPECIAL CONDITIONS OF SUPERVISION ON PAGE 5.)

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:  
Order of Forfeiture consisting of $5,028,m410 Money Judgment entered in case no. 3:09-00089 [docket entry no. 15].

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.